OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of Ohio
are being transmitted electronically beginning May 27, 1992,
pursuant to a pilot project implemented by Chief Justice Thomas
J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Justine Michael, Administrative Assistant.
Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your comments on this
pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised to
check the bound volumes of Ohio St.3d published by West Publishing
Company for the final versions of these opinions.  The advance
sheets to Ohio St.3d will also contain the volume and page
numbers where the opinions will be found in the bound volumes of
the Ohio Official Reports.

The State, ex rel. Kaska et al., Appellees, v. Industrial Commission of Ohio; ITT Continental Baking Company, Appellant.

[Cite as State, ex rel. Kaska, v. Indus. Comm. (1992),     Ohio St.3d    .]

Workers' compensation -- Doctors reports are not "some evidence" supporting denial of temporary total disability compensation, when -- "Permanency," construed.

(No. 90-2383 -- Submitted February 11, 1992 -- Decided June 3, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 89AP-382.

Appellee-claimant, Francis R. Kaska, sustained physical and psychological injuries in the course of and arising from his employment with appellant, ITT Continental Baking Company, on January 29, 1979. Claimant received awards for permanent partial disability under former R.C. 4123.57, for the period January 30, 1979 through October 19, 1981.

Subsequently, claimant applied for temporary total disability compensation from September 28, 1987 through the "present," based on the attending physician's report of Dr. Gerard Seltzer. Dr. Seltzer listed claimant's complaints as "pain & stiffness in neck, low back & left side," and certified temporary total impairment from September 28, 1987 through January 25, 1988.

On March 9, 1988, a commission district hearing officer denied claimant's application, stating:

"* * * [A]s claimant's injuries of 1-29-79 have become permanent as per Dr. [Donald J.] Weinstein's 2-6-86 exam, Dr. [V.A.] Nagelis['] 2-26-88 exam, claimant's prior 71% Permanent Partial Disability award * * *."

The denial of compensation was administratively affirmed.

Claimant thereafter filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion by denying temporary total disability compensation. The court of appeals found that neither Drs. Nagelis nor Weinstein provided "some evidence" supporting the denial of temporary total disability compensation. The court also questioned whether temporary total disability compensation had possibly been denied based on claimant's prior permanent partial disability awards. The court issued a limited writ that vacated the commission's order and returned the cause to the commission for further consideration.

This cause is now before this court upon an appeal as of right.

Dennis O. Norman, for appellee.

Vorys, Sater, Seymour & Pease, Robert A. Minor and Elizabeth T. Smith, for appellant.

Per Curiam. Temporary total disability compensation cannot

be paid to a claimant whose temporary disability has become permanent.  State, ex rel. Ramirez, v. Indus. Comm. (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586.  We must decide whether the Nagelis report, Weinstein report or prior permanent partial disability awards are "some evidence" supporting the commission's denial of temporary total disability compensation.  See State, ex rel. Burley, v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.  For the reasons to follow, we find that there is no evidence supporting the commission's decision.

Temporary total disability compensation was denied for the period September 28, 1987 through February 29, 1988.  Addressing the medical evidence first, we note that Dr. V.A. Nagelis did not examine claimant until February 26, 1988.  His report, therefore, is not "some evidence" supporting denial of temporary total compensation prior to that time.  While the report could support a denial after February 26, 1988, the commission did not state the date on which it considered the claimant's condition to have become permanent.  From the wording of the commission's order, we cannot ascertain whether the condition was found permanent as of (1) the latest permanent partial disability award of January 16, 1987; (2) Dr. Donald J. Weinstein's February 6, 1986 exam; (3) Dr. Nagelis' February 26, 1988 exam, or (4) the March 9, 1988 district hearing officer order.  We refuse to speculate as to the

commission's intention and, accordingly, find that Dr. Nagelis' report cannot be considered "some evidence" supporting the commission's decision.

Dr. Weinstein stated that claimant's psychiatric condition was permanent. Claimant's alleged temporary total disability, however, was premised on physical conditions. Evidence that the claimant's psychiatric condition is permanent is irrelevant in determining whether claimant's temporary total disability resulted from his allowed physical conditions.

Turning to claimant's prior permanent partial disability awards, we observe that former R.C. 4123.56 and 4123.57 do not indicate whether a permanent partial disability award precludes later receipt of temporary total disability compensation. The only contemporaneous reference to the two forms of compensation occurs in former R.C. 4123.57(D), which states:

"Compensation for [permanent] partial disability under Divisions (A), (B), and (C) of this section shall be in addition to the compensation paid the employee for the periods of temporary total disability resulting from the injury or occupational disease * * *." (137 Ohio Laws, Part II, 3950.)

Former R.C. 4123.57(D) contains no qualification as to the chronology of the two awards. Coupled with the absence of language to the contrary in either former R.C. 4123.56 or 4123.57, these sections should not be considered to bar an award of temporary total disability compensation following

receipt of permanent partial disability compensation.

Appellant contends that statutory analysis notwithstanding, the "permanency" element of a permanent partial disability award is sufficient to preclude receipt of temporary total disability compensation. This argument, however, necessarily assumes that "permanent," as used in former R.C. 4123.57 has the same meaning as that term is used in Ramirez, supra. We find otherwise.

For our purposes herein, "permanent" is not statutorily defined. (The definition of "maximum medical improvement" implemented by Am.S.B. No. 307 and R.C. 4123.56 post-dates claimant's injury.) We defined "permanency," however, as used in Ramirez, as "a condition that will, '* * * with reasonable probability, continue for an indefinite period of time without any present indication of recovery therefrom.'" Vulcan Materials Co. v. Indus. Comm. (1986), 25 Ohio St.3d 31, 33, 25 OBR 26, 27, 494 N.E.2d 1125, 1127.

Previously, the Franklin County Court of Appeals held that "permanency" is subject to differing interpretations. Perhaps cognizant of the dangers of using the term "permanent" too loosely, the court wrote that:

"* * * [A] distinction exists between the permanency involved in a permanent partial disability award, and that considered in making an award of temporary total disability compensation." State, ex rel. Schafer, v. Indus. Comm. (Mar.

28, 1989), Franklin App. No. 88AP-130, unreported, at 5.

We recently moved in Schafer's direction in State, ex rel Bing, v. Indus. Comm. (1991), 61 Ohio St.3d 424, 575 N.E.2d 177, by stating:

"While Bing's injury may be permanent in the sense that she will continue to have back troubles in the future, it is not 'permanent' in the Ramirez sense * * *."  Id. at 426, 575 N.E.2d at 180, fn. 2.

Bing, while not specifically distinguishing between permanent partial disability "permanency," and temporary total disability compensation "permanency," inferred that the term "permanency" may have a unique meaning as used in Ramirez.  This conclusion is not without precedent.  Workers' compensation law uses specialized terms of art whose meanings can vary depending on context. "Totality," for example, has one meaning when used to discuss permanent total disability; it means something else where temporary total disability is involved.  Permanent total disability requires a claimant to demonstrate an inability to perform sustained remunerative employment.  State, ex rel. Jennings, v. Indus. Comm. (1982), 1 Ohio St.3d 101, 1 OBR 135, 438 N.E.2d 420. Temporary total disability, on the other hand, requires only an inability to return to the former position of employment. Ramirez, supra.

There are other reasons for distinguishing between permanent partial disability "permanency" and Ramirez

"permanency."  First, temporary total disability compensation involves exclusively work-prohibitive disabilities, see Ramirez, supra, at syllabus, whereas permanent partial disability does not. More significantly, unlike "permanency" which is a precondition to receipt of permanent partial benefits, temporary total disability "permanency" is a termination criterion.  The latter supplies compelling justification for ensuring that temporary total disability compensation is not terminated on a "permanency basis" unless there is a clear indication that the claimant's condition will not improve.  See Vulcan, supra.

Permanent partial disability compensation is intended to compensate injured claimants who can still work.  Few working claimants, however, can predict whether or not their injury will later worsen and prevent their working at their former job.  A working claimant might be discouraged from seeking permanent partial disability compensation to which he would be otherwise entitled if receipt of such benefits would preclude later receipt of temporary total disability compensation should his condition worsen.  We find this result unacceptable.

Thus, where "permanency" appears in a context other than temporary total disability -- as occurred here with the earlier permanent partial disability awards -- we will not automatically assume that such term is referring to "permanency" in the specialized Ramirez sense.  This conclusion

does not conflict with our previous holding in State, ex rel. Delk, v. Indus. Comm. (1988), 35 Ohio St.3d 187, 519 N.E.2d 638. That case held that a doctor's opinion that a claimant had a permanent partial impairment was "some evidence" supporting the denial of temporary total disability compensation. There, however, the doctor was examining the claimant for the purpose of reinstating temporary total disability benefits, and he specifically stated that the claimant had a permanent partial, not a temporary total, impairment. Delk is thus distinguishable from this case.

Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., Sweeney, Douglas, Wright, H. Brown and Resnick, JJ., concur.

Holmes, concurs in judgment only.