[Cite as *Kahn v. Hughes*, 2018-Ohio-2196.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 106087

## HADITHA KHAN

### PLAINTIFF-APPELLEE

vs.

## DONALD M. HUGHES, SR.

### DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-12-342416

**BEFORE:** Laster Mays, J., Blackmon, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** June 7, 2018

-i-

**FOR APPELLANT**

Donald Maurice Hughes, pro se
18211 Libby Road
Maple Heights, Ohio 44137


**ATTORNEYS FOR APPELLEE**

Susan P. Stauffer
Kimberly G. Barnett-Mills
Legal Aid Society of Cleveland
1223 W. 6th Street
Cleveland, Ohio 44113

Kreig Brusnahan
158-A Lear Road
Avon Lake, Ohio 44012

**Guardian Ad Litem**

Avery H. Fromet
Avery H. Fromet Co., L.P.A.
P.O. Box 241085
Cleveland, Ohio 44124

**For D.M.H.**

Heather L. Corso Valus
1220 West 6th Street, Suite 502
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1}     Defendant-appellant Donald M. Hughes, Sr. ("Hughes") proceeding pro se, appeals the decision of the Cuyahoga County Court of Common Pleas, Division of Domestic Relations, finding Hughes in civil contempt of a child support order.   We affirm the trial court's finding.

**{¶2}** Plaintiff-appellee Haditha Khan ("Khan") was awarded child support for the two minor children as part of a 2013 judgment entry of divorce. The magistrate determined that Hughes was in contempt of that order on June 5, 2015. Stipulated documents from the Cuyahoga County Department of Jobs and Family Services ("CCDJFS") demonstrated an arrearage of more than $16,000 as of 2017, even though Hughes's monthly support obligation had been reduced in 2015 by approximately 45 percent. The parties also stipulated to the Workers' Compensation Board Doctor's Report submitted by Hughes demonstrating that Hughes suffers from a permanent partial disability but providing that Hughes may perform sedentary duties.

**{¶3}** Hughes objected to the magistrate's decision, arguing that the evidence did not support the magistrate's decision that Hughes is able to perform sedentary duties and also disputed the magistrate's contention that there have been prior contempt findings against him.[1] The trial court overruled Hughes's objections and adopted the magistrate's decision.

**{¶4}** Hughes presents a single assignment of error in this appeal that the trial court misconstrued the stipulated evidence by concluding that Hughes is able to perform sedentary work. We affirm the trial court's findings.

**{¶5}** We review a trial court's finding of civil contempt for an abuse of discretion by considering whether the trial court's decision was unreasonable, unconscionable, or arbitrary. *Abernethy v. Abernethy*, 8th Dist. Cuyahoga No. 92708, 2010-Ohio-435, ¶ 27; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

---

[1] This court notes that the trial court was accurate in determining that a prior contempt finding has been issued against Hughes in judgment entry No. 89637667 (June 5, 2015), p. 4.

**{¶6}** Once the evidence establishes that the support order was violated, Hughes must show that compliance with the court order was not within his power. *Briggs v. Moelich*, 8th Dist. Cuyahoga No. 97001, 2012-Ohio-1049, ¶ 10, citing *Peach v. Peach*, 8th Dist. Cuyahoga Nos. 82414 and 82500, 2003-Ohio-5645, ¶ 37.

**{¶7}** Hughes concedes that his argument turns on the content of the doctor's report. Hughes also notes in his appellate brief that, under the heading "[p]lease check the applicable category for the patient's exertional ability," the checked response is "sedentary work." Appellant brief (Dec. 8, 2017), p. 2. Hughes further points out that the report states that appellant could not perform work more than two-thirds of the time, could perform sitting and driving one-third to two-thirds of the time, and could only stand, walk, or reach up to one-third of the time.

**{¶8}** Hughes offers that his ability to perform the listed activities for the stated periods of time translates into a lack of ability to perform any services. Contrary to Hughes's position, the magistrate's conclusion that Hughes is able perform office work comports with the list of activities that the doctor's report states he is able to do. As Hughes points out, the report lists categories for exertional ability ranging from very heavy work to less than sedentary work. The doctor checked the box indicating that Hughes is able to perform sedentary work, defined as follows:

> Exerting up to 10 pounds of force occasionally and/or a negligible amount of force frequently to lift, carry, push, pull or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.

Doctor Report (Feb. 22, 2017), p. 2. The doctor's report also indicates that Hughes could benefit from vocational rehabilitation.

**{¶9}** The report concludes that Hughes suffers from permanent partial disability, the percentage for which is measured by the degree of impairment. *See generally State ex rel. Smith*, 10th Dist. Franklin No. 84AP-290, 1985 Ohio App. LEXIS 7565 (May 2, 1985). "'Permanent partial disability compensation is intended to compensate injured claimants who can still work.'" *State ex rel. Advantage Tank Lines v. Indus. Comm.*, 107 Ohio St.3d 16, 2005-Ohio-5829, 836 N.E.2d 550, ¶ 12, quoting *State ex rel. Kaska v. Indus. Comm. of Ohio*, 63 Ohio St.3d 743, 746, 591 N.E.2d 235 (1992).

**{¶10}** Hughes failed to present evidence supporting his argument that it is not possible for him to be gainfully employed and make support payments even though the payment obligation was reduced in 2015, recognizing a reduced ability to pay.

**{¶11}** At oral argument, Hughes attempted to bring before this court a document issued by CCDJFS entitled "Repayment Agreement for Recovery Account" authorizing Hughes to make a monthly payment amount of $25 effective April 1, 2018. We do not consider the additional information for this appeal because "a reviewing court cannot add matter to the record and decide an appeal based upon that new matter." *Kolosai v. Azem*, 8th Dist. Cuyahoga No. 100890, 2014-Ohio-4474, ¶ 5, citing *State ex rel. Cotton v. Ghee*, 84 Ohio St.3d 54, 55-56, 701 N.E.2d 989 (1998).

**{¶12}** The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the domestic relations division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

ANITA LASTER MAYS, JUDGE

PATRICIA ANN BLACKMON, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR