THE STATE, EX REL. ASHCRAFT, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as State, ex rel. Ashcraft, *v.* Indus. Comm. (1984), 15 Ohio St. 3d 126.]

(No. 84-787—Decided December 31, 1984.)

*Jeffries & Monteleone Co., L.P.A.,* and *Mr. J. Michael Monteleone,* for appellee.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Gerald H. Waterman,* for appellant Industrial Commission.

*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Robert A. Minor,* for appellant Marion Power Shovel Division, Dresser Industries, Inc.

*Per Curiam.* The issue presented by this appeal is whether the commission is authorized by virtue of its Resolution No. R80-7-57 to suspend

consideration of appellee's motion for temporary total disability benefits while he is incarcerated.

The court of appeals found that the resolution applied only to claimants who were incarcerated in the state of Ohio and thus could not operate to preclude consideration of appellee's motion because he is incarcerated in the state of West Virginia. Having reached this conclusion based upon an interpretation of the terms of the resolution, it did not proceed to consider whether the commission was authorized to adopt and enforce the resolution. We are compelled, however, to reach that determination.

Pursuant to Section 1, Article II of the Ohio Constitution, the power to enact laws is vested with the General Assembly. Further, and more specifically, Section 35, Article II of the Ohio Constitution confers upon the General Assembly the power to enact laws relative to workers' compensation in Ohio.

Considering this grant of legislative authority, we stated in *Weber* v. *Bd. of Health* (1947), 148 Ohio St. 389, 395-396 [35 O.O. 351]:

"Under our constitution the law-making function is assigned exclusively to the General Assembly, and it is a cardinal principle of representative government that the law-making body cannot delegate the power to make laws to any other authority or body. This general principle is universally held but its particular application is the delegation of powers to boards and commissions, the establishment of which becomes essential in the complexities of modern life, frequently creates a difficult problem. While no legislative power can be delegated to such bodies, the law-making body can confer administrative powers upon them to make rules and regulations to carry out the legislative intent."

In *Donnelly* v. *Fairview Park* (1968), 13 Ohio St. 2d 1 [42 O.O.2d 1], paragraph two of the syllabus, we held that "[t]he test for determining whether the action * * * is legislative or administrative is whether the action taken is one enacting a law * * * or administering a law * * * already in existence."

The General Assembly has enacted no law precluding the consideration of claims filed by incarcerated claimants. To the contrary, R.C. 4123.54 provides that "[e]*very* employee * * * injured * * * in the course of his employment * * * is entitled to receive * * * compensation for [that] loss sustained on account of such injury * * *." (Emphasis added.) Further, R.C. 4123.56, governing temporary total disability benefits provides that once determined eligible, the worker shall receive compensation "* * * so long as such disability is total * * *."

Thus, we conclude that by adopting and enforcing Resolution No. R80-7-57, the commission exceeded the powers granted to it by statute, and any action taken thereunder is a nullity. Since the commission refused to consider appellee's motion solely on the basis of the resolution, that action was unlawful and the issuance of a writ to compel the commission to consider his motion is appropriate.

The policy to be served by the terms of the resolution is not repugnant to the purposes of the Workers' Compensation Act, in that it would preclude the payment of benefits to claimants who, regardless of a prior industrial injury, are unable to work because they are incarcerated. Such a policy decision, however, must emanate from the General Assembly. The Industrial Commission is a creature of statute and as such, is limited to the powers conferred on it by statute. *Bozzelli* v. *Indus. Comm.* (1930), 122 Ohio St. 201, 206; *Davis* v. *State, ex rel. Kennedy* (1933), 127 Ohio St. 261, paragraph one of the syllabus; *State, ex rel. Funtash,* v. *Indus. Comm.* (1951), 154 Ohio St. 497 [43 O.O. 431], paragraph one of the syllabus.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. Under R.C. 4123.56, temporary total disability benefits are awarded when an injury prevents a worker from returning to his former position of employment. *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630 [23 O.O.3d 518]. However, when the loss of earning capacity is due to a cause other than the injury, it is not compensable. Young, Workmen's Compensation Law of Ohio (2 Ed. 1971) 134-135, Sections 7.12, 7.14. Since it is appellee's incarceration, not his injury, which prevents him from participating in the work force, I believe he is not entitled to additional workers' compensation benefits under our statutory scheme.

The validity of Industrial Commission Resolution No. R80-7-57 in this regard is significantly supported by that portion of it which provides that the expressed policy of the resolution does not apply to incarcerated claimants who have already been declared permanently and totally disabled before incarceration, and that permanent total compensation shall continue while incarcerated.

Accordingly, I dissent.