**[Cite as *State ex rel. Kurtz v. Indus. Comm.*, 2026-Ohio-824.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Elizabeth Kurtz, | : | |
| Relator, | : | No. 24AP-395 |
| v. | : | (REGULAR CALENDAR) |
| Industrial Commission of Ohio et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on March 12, 2026

**On brief:** *Philip J. Fulton Law Office*, and *Philip J. Fulton*, for relator. **Argued:** *Philip J. Fulton.*

**On brief:** *Dave Yost*, Attorney General, and *Anna Isupova*, for respondent Industrial Commission of Ohio. **Argued:** *Anna Isupova.*

**On brief:** *Dave Yost*, Attorney General, and *John Smart*, for respondent Administrator, Ohio Bureau of Workers' Compensation. **Argued:** *John Smart.*

**On brief:** *Reminger Co., L.P.A.*, and *Troy A. Duffy*, for respondent CG-HHC, LLC. **Argued:** *Troy A. Duffy.*

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

EDELSTEIN, J.

{¶ 1} Relator, Elizabeth Kurtz, initiated this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order terminating her temporary total disability ("TTD")

compensation and ordering any TTD compensation paid beyond March 18, 2024 to be an overpayment subject to recoupment by respondent, Stephanie McCloud, Administrator, Ohio Bureau of Workers' Compensation ("BWC").[1]

{¶ 2}     Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate determined, consistent with R.C. 4123.56(A), that Ms. Kurtz's TTD compensation terminated as of the date she reached maximum medical improvement ("MMI"). Because R.C. 4123.56(A) does not allow a claimant to receive TTD compensation after reaching MMI, the magistrate concluded that allowing Ms. Kurtz to retain TTD compensation paid to her after reaching MMI would violate R.C. 4123.56(A). The magistrate also concluded the commission did not abuse its discretion in finding Ms. Kurtz reached MMI as of the date of the independent medical examiner's report opining she had reached MMI. Additionally, the magistrate found the commission did not abuse its discretion in finding an overpayment of TTD compensation to Ms. Kurtz past March 18, 2024 and ordering recoupment of that overpayment pursuant R.C. 4123.511(K). Thus, the magistrate recommends we deny Ms. Kurtz's petition for a writ of mandamus.

{¶ 3}     Ms. Kurtz filed objections to the magistrate's decision. Therefore, we must independently review the decision to ascertain whether "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d).

## I.  Background

{¶ 4}     As set forth more fully in the magistrate's decision, Ms. Kurtz sustained a workplace injury on April 22, 2023 in the course of her employment with CG-HHC, LLC ("employer"), and the commission allowed her claim for cervical sprain, thoracic sprain, and lumbar sprain. In a September 20, 2023 order, the commission granted Ms. Kurtz TTD compensation from May 2 to July 15, 2023 to continue on submission of supporting medical proof. Subsequently, on January 30, 2024, BWC requested termination of Ms. Kurtz's TTD compensation due to Ms. Kurtz reaching MMI. BWC referred the claim to the commission for a hearing.

---

[1] In her petition, Ms. Kurtz named John Logue as Administrator, BWC. Subsequent to the filing of the petition, Stephanie McCloud, Administrator, BWC, succeeded Logue as Administrator, BWC. On October 23, 2025, BWC filed a motion for substitution pursuant to Civ.R. 25(D)(1).

{¶ 5}   Dr. Christopher Holzaepfel conducted an independent medical examination of Ms. Kurtz.  In a March 18, 2024 report, Dr. Holzaepfel opined Ms. Kurtz had reached MMI.  Based on Dr. Holzaepfel's report, a District Hearing Officer ("DHO") of the commission found Ms. Kurtz had reached MMI and, in an order mailed April 9, 2024, terminated Ms. Kurtz's TTD compensation as of March 18, 2024, the date of Dr. Holzaepfel's report.  The commission further found any TTD compensation after March 18, 2024 " is overpaid and is subject to recoupment by [BWC] pursuant to the non-fraud provisions of R.C. 4123.511(K)."  (Apr. 9, 2024 Order.)

{¶ 6}   Ms. Kurtz appealed the April 9, 2024 order.  In an order mailed May 30, 2024, a Staff Hearing Officer ("SHO") of the commission affirmed the DHO's April 9, 2024 order, finding Ms. Kurtz's TTD compensation terminated effective March 18, 2024 and "[a]ny overpayment which may occur as a result of this finding is to be recouped pursuant to R.C. 4123.511(K)."  (May 30, 2024 Order.)  Ms. Kurtz appealed the SHO's May 30, 2024 order, and the commission refused Ms. Kurtz's appeal.  Ms. Kurtz then filed the instant complaint for a writ of mandamus.

{¶ 7}   As referenced above, the magistrate determined the commission did not abuse its discretion when it terminated Ms. Kurtz's TTD compensation as of March 18, 2024, the date of Dr. Holzaepfel's report finding Ms. Kurtz had reached MMI.  The magistrate further determined the commission did not abuse its discretion in finding any payment of TTD compensation past March 18, 2024 was an overpayment subject to recoupment by BWC pursuant to R.C. 4123.511(K).

{¶ 8}   Ms. Kurtz filed objections to the magistrate's decision.  Ms. Kurtz does not challenge the magistrate's recitation of the pertinent facts; however, Ms. Kurtz objects to the magistrate's conclusions that (1) TTD compensation should terminate on the date of Dr. Holzaepfel's report rather than the date of the commission hearing finding Ms. Kurtz had reached MMI; and (2) R.C. 4123.511(K) permits recoupment of TTD overpayments issued pursuant to R.C. 4123.56(A).  We address each of Ms. Kurtz's objections in turn.

## II.  Law and Analysis

{¶ 9}   To be entitled to a writ of mandamus, Ms. Kurtz must demonstrate a clear legal right to the relief sought, that the commission has a clear legal duty to provide such relief, and that there is no adequate remedy in the ordinary course of law.  *State ex rel.*

*Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 162-63 (1967). Mandamus may lie if the commission abused its discretion by entering an order unsupported by evidence in the record or if there is a legal basis to compel the commission to perform its duties in accordance with law. *State ex rel. Cassens Corp. v. Indus. Comm.*, 2024-Ohio-526, ¶ 10. If some evidence exists in the record to support the commission's findings, this court may not "second-guess the commission's evaluation of the evidence." *State ex rel. Black v. Indus. Comm.*, 2013-Ohio-4550, ¶ 22. With respect to legal questions, a writ of mandamus may issue against the commission " 'if the commission has incorrectly interpreted Ohio law.' " *Cassens* at ¶ 10, quoting *State ex rel. Gassmann v. Indus. Comm.*, 41 Ohio St.2d 64, 65 (1975).

### A. First Objection – Date of TTD Termination

{¶ 10} Ms. Kurtz's first objection to the magistrate's decision relates to the termination of her TTD compensation. " 'The purpose of TTD compensation is to "compensate an injured employee for the loss of earnings that he [or she] incurs while the injury heals." ' " *Ewell v. Montgomery Cty. Court of Common Pleas*, 2014-Ohio-3047, ¶ 13 (10th Dist.), quoting *Cordial v. Ohio Dept. of Rehab. & Corr.*, 2006-Ohio-2533, ¶ 8 (10th Dist.), quoting *State ex rel. Baker v. Indus. Comm.*, 2000-Ohio-168, ¶ 13. R.C. 4123.56(A), which governs TTD compensation, provides, in pertinent part:

> In the case of a self-insuring employer, payments shall be for a duration based upon the medical reports of the attending physician, certified nurse-midwife, clinical nurse specialist, or certified nurse practitioner. If the employer disputes the attending physician's or attending nurse's report, payments may be terminated only upon application and hearing by a district hearing officer pursuant to division (C) of section 4123.511 of the Revised Code. Payments shall continue pending the determination of the matter, however payment shall not be made for the period when any employee has returned to work, when an employee's treating physician, certified nurse-midwife, clinical nurse specialist, or certified nurse practitioner has made a written statement that the employee is capable of returning to the employee's former position of employment, when work within the physical capabilities of the employee is made available by the employer or another employer, or when the employee has reached the maximum medical improvement.

As this court has explained, pursuant to R.C. 4123.56(A), "TTD compensation will be paid until: (1) the claimant has returned to work, (2) the claimant's treating physician provides a written statement that the claimant is able to return to the former position of employment, (3) work within the physical capabilities of the claimant is made available by the employer or another employer, or (4) the claimant has reached MMI." *State ex rel. Camp v. Ferrellgas Inc.*, 2025-Ohio-464, ¶ 16 (10th Dist.), citing R.C. 4123.56(A), and *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630, 632 (1982) (applying former R.C. 4123.56(A)).

{¶ 11} Ms. Kurtz does not dispute the commission had some evidence on which to rely in concluding she had reached MMI. However, Ms. Kurtz disagrees with the date upon which the commission determined her TTD payments should terminate. She argues the magistrate erred in finding the commission did not abuse its discretion in terminating her TTD payments as of March 18, 2024, the date of Dr. Holzaepfel's report opining she had reached MMI. Instead, Ms. Kurtz asserts her TTD payments should have continued until the commission determined, at the April 4, 2024 hearing, that she had reached MMI. To hold otherwise, Ms. Kurtz argues, would defy the plain language of R.C. 4123.56(A) requiring TTD payments to continue pending the commission's determination of the matter.

{¶ 12} As the magistrate noted, the Supreme Court of Ohio recently considered the issue of the proper date of termination of TTD benefits. In *State ex rel. Dillon v. Indus. Comm.*, 2024-Ohio-744, the Supreme Court held "R.C. 4123.56(A) does not permit a claimant to receive TTD compensation after reaching [MMI]." *Id*. at ¶ 14. The Supreme Court explained that "[a]lthough R.C. 4123.56(A) requires payments to continue 'during the determination of the matter,' the provision contains an exception: TTD compensation may not be paid for the period after the employee has reached [MMI]." *Id*. Thus, the claimant is not entitled to any payments past the date of reaching MMI. *Id*. at ¶ 14-15. In reaching its conclusion in *Dillon*, the Supreme Court expressly overruled its prior decision in *State ex rel. Russell v. Indus. Comm.*, 82 Ohio St.3d 516 (1998), which had determined TTD payments continued until the date of a commission hearing formally terminating TTD. *Id*. at ¶ 17. *See also State ex rel. Harless v. DMR Auto Servs.*, 2024-Ohio-5395, ¶ 8 (10th Dist.) (explaining *Dillon*, noting "the Supreme Court held the date the claimant reaches

MMI, rather than the date of the commission hearing finding the claimant had reached MMI, is the operative date for terminating TTD compensation and for calculating any overpayment of TTD compensation"). The magistrate found *Dillon* was dispositive of the issue and determined TTD compensation terminated on March 18, 2024, the date on which Dr. Holzaepfel opined Ms. Kurtz had reached MMI.

{¶ 13} Ms. Kurtz argues the magistrate erred in applying *Dillon* because its facts are distinguishable from the instant case. As Ms. Kurtz notes, the TTD order in *Dillon* was initially allowed but reversed on subsequent appeal, while here, the TTD order was terminated by the commission after BWC's request. Though we agree with Ms. Kurtz that there are procedural differences between *Dillon* and the instant case, we do not agree that those differences extend to the fundamental question of the proper date of termination of TTD compensation. R.C. 4123.56(A) is clear that a claimant cannot receive TTD compensation once the claimant has reached MMI, regardless of the procedural posture of the case. The Supreme Court's holding in *Dillon* that TTD compensation terminates on the date a claimant reaches MMI, then, is directly relevant to the question presented in Ms. Kurtz's request for a writ of mandamus. Therefore, the magistrate did not err in applying *Dillon* to this issue, and we reject Ms. Kurtz's argument that the magistrate failed to perform a de novo review of the relevant statutes by relying on *Dillon*.

{¶ 14} Additionally, we note that even if we were to agree with Ms. Kurtz that *Dillon* was meaningfully distinguishable on its facts such that this court must conduct a de novo review of R.C. 4123.56(A), such review would nonetheless compel the conclusion that TTD compensation shall not be paid for a period after the claimant reaches MMI. Ms. Kurtz urges this court to read R.C. 4123.56(A) as utilizing the phrase "the medical reports of the attending physician" as the "key point of reference" that modifies the rest of the subsection, including the phrase "when the employee has reached the maximum medical improvement." (Relator's Objs. at 12, 13.) Thus, Ms. Kurtz asserts R.C. 4123.56(A) provides that ***only*** when the reports of the attending physician declare a claimant has reached MMI can the commission terminate TTD compensation prior to the hearing.

{¶ 15} Ms. Kurtz's proposed reading of R.C. 4123.56(A) defies the plain language of the statute. Though R.C. 4123.56(A) requires "the medical reports of the attending physician" to determine ongoing TTD eligibility, the statute does not require that only the

attending physician can declare a claimant has reached MMI such that the claimant is not entitled to TTD compensation dating back to a time prior to the hearing on the matter. Instead, when there is a dispute regarding a claimant's continued eligibility for TTD compensation, the statute states: "Payments shall continue pending the determination of the matter, however payment shall not be made for the period [1] when any employee has returned to work, [2] when an employee's treating physician, certified nurse-midwife, clinical nurse specialist, or certified nurse practitioner has made a written statement that the employee is capable of returning to the employee's former position of employment, [3] when work within the physical capabilities of the employee is made available by the employer or another employer, or [4] when the employee has reached the maximum medical improvement." R.C. 4123.56(A). This sentence sets forth four fully independent, alternative directives for non-payment, each introduced by the temporal clause "when" and joined by the disjunctive "or," signifying each condition operates separately and is not dependent on the others. These four temporal conditions to non-payment are not modified by or dependent upon each other, nor are they modified by or dependent upon the statute's separate requirement that the reports of the attending physician are necessary for a claimant to be eligible for TTD compensation.

{¶ 16} We are unable to read the statute in the manner Ms. Kurtz suggests. Because of the independent nature of the temporal conditions, we cannot conclude "the medical reports of the attending physician" modify the moment TTD payment is terminated due to MMI. If the General Assembly had intended the termination of TTD due to MMI to be dependent on some action of the attending physician, it would have so stated, as it did in the second of these temporal conditions by stating payment shall not be made for the period "when an employee's treating physician, certified nurse-midwife, clinical nurse specialist, or certified nurse practitioner has made a written statement that the employee is capable of returning to the employee's former position of employment." R.C. 4123.56(A). However, the General Assembly did not include such a requirement that terminating TTD due to MMI is similarly linked to an action of the treating physician.

{¶ 17} The plain language of R.C. 4123.56(A), then, directs that a claimant can reach MMI regardless of whether "the medical reports of the attending physician" render an opinion on MMI. We will not read words into the statute that the General Assembly did

not elect to include. *Schmitt v. Schmitt*, 2022-Ohio-1685, ¶ 16 (10th Dist.) ("[t]o agree with the trial court's interpretation of [the statute], we would have to add language to the statute that does not exist. The rules of statutory construction prohibit such a reading of the statute"), citing *In re Certificate of Need Application for Project "Livingston Villa," Cuyahoga Cty.*, 2017-Ohio-196, ¶ 38 (10th Dist.) ("[w]hen interpreting a statute, '[c]ourts may not delete words used or insert words not used' "), quoting *Columbia Gas Transm. Corp. v. Levin*, 2008-Ohio-511, ¶ 19. Therefore, we do not agree with Ms. Kurtz's proposed interpretation of R.C. 4123.56(A).

{¶ 18} Ms. Kurtz advocates for pre-*Dillon* reasoning that a claimant cannot be ineligible for TTD for reaching MMI until the commission makes that finding following a hearing. However, as explained above, *Dillon* directly answered this question and determined the date a claimant reaches MMI is the operative date, not the date of the commission hearing making the finding the claimant has reached MMI. *See Harless*, 2024-Ohio-5395, at ¶ 8 (10th Dist.). As we are bound by the Supreme Court's decision in *Dillon*, and it is not meaningfully distinguishable on this issue, we must agree with the magistrate that, pursuant to R.C. 4123.56(A) and *Dillon*, a claimant is no longer entitled to TTD compensation on the date the claimant reaches MMI, and the commission, therefore, did not abuse its discretion by terminating Ms. Kurtz's TTD compensation benefits as of March 18, 2024, the date of Dr. Holzaepfel's report opining Ms. Kurtz had reached MMI. We overrule Ms. Kurtz's first objection to the magistrate's decision.

### B. Second Objection – Recoupment Under R.C. 4123.511(K)

{¶ 19} In her second objection to the magistrate's decision, Ms. Kurtz argues the magistrate erred in concluding that any payment of TTD compensation she received past March 18, 2024 is an overpayment subject to recoupment by BWC under R.C. 4123.511(K).

{¶ 20} In the SHO's May 30, 2024 order, the commission affirmed the finding that Ms. Kurtz had reached MMI as of March 18, 2024 and terminated her TTD compensation as of that date. The commission then stated "[a]ny overpayment which may occur as a result of this finding is to be recouped pursuant to R.C. 4123.511(K)." (May 30, 2024 Order.) Ms. Kurtz asserts R.C. 4123.511(K) does not allow for recoupment of overpayments issued pursuant to R.C. 4123.56(A) and instead allows for recoupment ***only*** when TTD compensation was previously allowed but subsequently reversed on appeal. The parties

refer to compensation previously allowed but subsequently reversed on appeal as a "straight-line appeal," describing a situation where a commission DHO grants an initial request for TTD compensation, the employer administratively appeals the award to a commission SHO, and the SHO reverses the award on appeal and declares an overpayment. For ease of discussion, we will use the "straight-line appeal" nomenclature as we consider the parties' arguments. As Ms. Kurtz notes, any overpayment here was not the result of a straight-line appeal but instead was the result of a commission order terminating TTD at BWC's request. Thus, Ms. Kurtz argues both the commission and the magistrate erred in applying R.C. 4123.511(K) to her claim.

{¶ 21} We must determine whether R.C. 4123.511(K) applies to recoupment of overpayment that results from a commission order terminating TTD at BWC's request rather than from a straight-line appeal. R.C. 4123.511(K) provides:

> Upon the final administrative or judicial determination under this section or section 4123.512 of the Revised Code of an appeal of an order to pay compensation, ***if a claimant is found to have received compensation pursuant to a prior order which is reversed upon subsequent appeal***, the claimant's employer, if a self-insuring employer, or the bureau, shall withhold from any amount to which the claimant becomes entitled pursuant to any claim, past, present, or future, under Chapter 4121, 4123, 4127, or 4131 of the Revised Code, the amount of previously paid compensation to the claimant which, due to reversal upon appeal, the claimant is not entitled, pursuant to the following criteria:
>
> (1) No withholding for the first twelve weeks of temporary total disability compensation pursuant to section 4123.56 of the Revised Code shall be made;
>
> (2) Forty per cent of all awards of compensation paid pursuant to sections 4123.56 and 4123.57 of the Revised Code, until the amount overpaid is refunded;
>
> (3) Twenty-five per cent of any compensation paid pursuant to section 4123.58 of the Revised Code until the amount overpaid is refunded;
>
> (4) If, pursuant to an appeal under section 4123.512 of the Revised Code, the court of appeals or the supreme court reverses the allowance of the claim, then no amount of any compensation will be withheld.

> The administrator and self-insuring employers, as appropriate, are subject to the repayment schedule of this division ***only with respect to an order to pay compensation that was properly paid under a previous order, but which is subsequently reversed upon an administrative or judicial appeal.*** The administrator and self-insuring employers are not subject to, but may utilize, the repayment schedule of this division, or any other lawful means, to collect payment of compensation made to a person who was not entitled to the compensation due to fraud as determined by the administrator or the industrial commission.

(Emphasis added.)

{¶ 22} A court's duty is to give effect to the words used in a statute, not to delete or insert words. *Ayers v. Cleveland*, 2020-Ohio-1047, ¶ 17; *State v. Jordan*, 89 Ohio St.3d 488, 491 (2000) ("[T]he cornerstone of statutory construction and interpretation is legislative intention."). "In order to determine legislative intent, it is a cardinal rule of statutory construction that a court must first look to the language of the statute itself." *Jordan* at 492. When the text of the statute is plain and unambiguous, we must give effect to the legislature's intent by simply applying the law as written. *State v. Kreischer*, 2006-Ohio-2706, ¶ 12; *State v. Hairston*, 2004-Ohio-969, ¶ 13, citing *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus (stating that, if a statute is not ambiguous, "we need not interpret it; we must simply apply it").

{¶ 23} From its plain language, the statute sets forth a compulsory recoupment mechanism for an overpayment of TTD that applies in a very specific situation: when "a claimant is found to have received compensation pursuant to a prior order which is reversed upon subsequent appeal." R.C. 4123.511(K). We agree with the parties that this compulsory recoupment mechanism applies, by its plain language, when a TTD overpayment is the result of a straight-line appeal. Respondents concede, and we agree, that the overpayment of TTD here was not the result of a straight-line appeal. Nonetheless, both the commission and BWC urge us to agree with the magistrate that because nothing in R.C. 4123.511(K) ***prohibits*** the commission from ordering recoupment under additional circumstances beyond straight-line appeals, the commission did not err in applying R.C. 4123.511(K) here. Ms. Kurtz responds that nothing in R.C. 4123.511(K) ***extends*** the compulsory recoupment mechanism to the instant facts: an overpayment of

TTD compensation issued pursuant to BWC's motion to terminate TTD under R.C. 4123.56(A). Thus, Ms. Kurtz argues that applying R.C. 4123.511(K) to the facts of this case would require this court to impermissibly broaden the application of the statute. Based on a plain reading of R.C. 4123.511(K), we agree with Ms. Kurtz.

{¶ 24} To ignore the procedural posture of the overpayment, as the commission and BWC urge us to do, would be to ignore the plain language of R.C. 4123.511(K). Importantly, in addition to the compulsory recoupment of an overpayment of TTD resulting from a straight-line appeal, the plain language of R.C. 4123.511(K) sets forth one additional circumstance for its application. The last sentence of the statutory subsection provides "[t]he administrator and self-insuring employers ***are not subject to, but may utilize***, the repayment schedule of this division, or any other lawful means, to collect payment of compensation made to a person who was not entitled to the compensation ***due to fraud*** as determined by the administrator or the industrial commission." (Emphasis added.) R.C. 4123.511(K). The statute, therefore, identifies exactly two circumstances for application of the recoupment method—one mandatory and one discretionary—and, by omitting any catch-all or analogous-circumstances provision, limits its reach to those two discrete situations. Applying the statute as written, we do not agree with the commission and BWC that the procedural posture of the overpayment is a distinction without a difference. *See, e.g., Columbus v. 71-73 E. Norwich Ave., L.L.C.*, 2025-Ohio-2240, ¶ 25 (10th Dist.) ("[A] court's duty is to give effect to the words used in a statute, not to delete or insert words."). (Emphasis omitted.) Rather, the procedural posture of the overpayment is a necessary prerequisite to the application of R.C. 4123.511(K). Based on our de novo review of R.C. 4123.511(K), we find the statute's plain language does not apply to an overpayment of TTD resulting from a motion to terminate TTD filed pursuant to R.C. 4123.56(A).

{¶ 25} Despite the plain language of R.C. 4123.511(K), respondents argue there is some precedent for broadening the application of the statute to situations other than a straight-line appeal. In *State ex rel. Wooton v. Indus. Comm.*, 2004-Ohio-6505, the claimant was awarded permanent total disability ("PTD") compensation, and the employer filed a complaint in mandamus alleging the commission had abused its discretion in awarding PTD. *Wooton* at ¶ 3. This court determined the commission did not adequately

explain its decision and issued a limited writ returning the cause to the commission for further consideration. *Id.* On reconsideration, the commission determined the claimant was not entitled to PTD compensation, and the claimant did not appeal. *Id.* at ¶ 4. Subsequently, BWC determined claimant had been overpaid and specified the overpayment was to be repaid using the withholding method contained in former R.C. 4123.511(J), now renumbered as R.C. 4123.511(K). *Id.* at ¶ 4. Claimant administratively appealed the overpayment determination, and this court, in mandamus, upheld the commission's order. *Id.* The Supreme Court also affirmed the overpayment determination, finding that where compensation is reversed "on administrative reconsideration," former R.C. 4123.511(J) applied. *Id.* at ¶ 7.

{¶ 26} This court considered a similar argument in *State ex rel. Knedler v. Indus. Comm.*, 2013-Ohio-5537 (10th Dist.). In *Knedler*, an SHO granted the claimant's request for PTD compensation, and the employer subsequently requested the commission reconsider the SHO's order. *Knedler* at ¶ 4. Following a hearing on reconsideration, the commission vacated the SHO's order and denied the claimant's application for PTD compensation. *Id.* at ¶ 6. After vacating the SHO's order, the commission mailed an order declaring an overpayment of PTD and stating the overpayment would be collected as a percentage of future awards. *Id.* at ¶ 7. Claimant administratively appealed, and an SHO found there would be no repayment of the overpayment because (1) claimant received the compensation in good faith, (2) R.C. 4123.511(K) applies for recollection only after final administrative determination of appeal, and (3) R.C. 4123.511(K) does not provide for repayment upon reconsideration. *Id.* at ¶ 7. Instead, the SHO determined the overpayment should be charged to the statutory surplus fund. *Id.* At the requests of the employer and BWC, the commission exercised continuing jurisdiction, found the SHO erred by charging the overpayment to the surplus fund, and ordered the overpayment be collected from the claimant pursuant to R.C. 4123.511(K).

{¶ 27} In a mandamus action in this court, the claimant argued the commission could not recoup an overpayment of PTD compensation under R.C. 4123.511(K) where the overpayment of PTD resulted from the commission exercising continuing jurisdiction and not from a straight-line appeal. *Knedler* at ¶ 27. Asserting that the overpayment authority in R.C. 4123.511(K) is limited only to appeals, the claimant argued the commission could

not recoup any overpayment from him. *Id.* This court rejected the claimant's argument by relying on *Wooton* for the proposition that "[w]hen the compensation was stopped because the order awarding it was reversed on administrative reconsideration, R.C. 4123.511(K) was applicable." *Id.* at ¶ 28. Thus, we determined the commission did not err in declaring an overpayment and ordering recovery pursuant to R.C. 4123.511(K). *Id.* at ¶ 29.

{¶ 28} In both *Wooton* and *Knedler*, the specific procedural posture of the case was determinative of the applicability of R.C. 4123.511(K). Both cases involved a challenge to the initial determination that the claimant was eligible for TTD, and, in both cases, the court deemed the reversal of that initial determination upon administrative reconsideration satisfied R.C. 4123.511(K)'s requirement of a claimant "found to have received compensation pursuant to a prior order which is reversed upon subsequent appeal." Unlike those two cases, the instant case involves neither a straight-line appeal from the order initially allowing TTD compensation nor an administrative reconsideration of the award of TTD compensation. Instead, Ms. Kurtz was granted TTD compensation and, subsequently, BWC sought to terminate TTD on the basis that Ms. Kurtz had reached MMI. This fact pattern is distinct from either the employer or BWC challenging the *initial* grant of TTD through a straight-line appeal, a challenge in mandamus, or the invocation of the commission's continuing jurisdiction. Thus, we find *Wooton* and *Knedler* inapplicable.

{¶ 29} Similarly, the facts here are also meaningfully distinguishable from *Dillon* on this question. We are mindful that the Supreme Court in *Dillon* concluded "if the claimant is not entitled to [TTD] payments, then R.C. 4123.511(K) requires the bureau to withhold the amount previously paid from compensation that the claimant may receive in the future." *Dillon*, 2024-Ohio-744, at ¶ 15. The magistrate relied on this portion of *Dillon* to conclude that "allowing claimant in this case to retain the overpayments after the granting of BWC's motion to terminate would permit claimant to retain payments after having reached MMI, which would be in direct contravention of R.C. 4123.56(A) and the Supreme Court's decision in *Dillon*." (Appended Mag.'s Decision at ¶ 57.) We conclude, however, the magistrate's reliance on *Dillon* as it relates to the application of R.C. 4123.511(K) to the procedural posture of this case is misplaced.

{¶ 30} As outlined above, *Dillon* involved two distinct issues. First, the Supreme Court in *Dillon* determined the date on which a claimant is no longer entitled to TTD

compensation is the date the claimant reaches MMI. This portion of *Dillon* relates to the meaning of R.C. 4123.56(A), and, as such, is directly related to the question raised in Ms. Kurtz's first objection to the magistrate's decision. The second distinct issue in *Dillon* is the recoupment of TTD "compensation payments *made in accordance with an order that is subsequently reversed on appeal*." (Emphasis added.) *Dillon* at ¶ 7. *Dillon* examined recoupment under R.C. 4123.511(K) in the specific procedural posture of TTD compensation reversed in a straight-line appeal and held, relative to that specific procedural posture, that R.C. 4123.511(K) requires BWC to recoup overpayments of TTD. Thus, the holding in *Dillon* that an overpayment of TTD compensation is subject to recoupment under R.C. 4123.511(K) is limited to the procedural posture in which R.C. 4123.511(K) applies: reversal of TTD compensation in a straight-line appeal. Because we have concluded R.C. 4123.511(K) does not apply to the procedural posture of this case, we similarly conclude *Dillon* is not applicable to the recoupment of TTD compensation here.

{¶ 31} Based on our de novo review of the statute, R.C. 4123.511(K) does not apply to an overpayment resulting from a motion to terminate TTD filed pursuant to R.C. 4123.56(A). To the extent respondents assert recoupment must be permitted given R.C. 4123.56(A)'s prohibition on TTD compensation once a claimant reaches MMI, we note R.C. 4123.56(A) does not address recoupment of overpayment, and, in any event, the commission did not order recoupment pursuant to R.C. 4123.56(A). Instead, the commission ordered recoupment pursuant to R.C. 4123.511(K), a statute that does not apply to the procedural posture here.[2] Because R.C. 4123.511(K) does not apply to the facts of Ms. Kurtz's case—overpayment resulting from the termination of TTD compensation following BWC's motion to terminate—the commission erred in ordering recoupment pursuant to R.C. 4123.511(K), and the magistrate erred in finding the commission did not abuse its discretion related to recoupment. *See State ex rel. Ohio Presbyterian Retirement Servs., Inc. v. Indus. Comm.*, 2017-Ohio-7577, ¶ 13 (mandamus may issue against the

---

[2] The employer advances a slightly different argument, suggesting the commission did not *order* recoupment pursuant to R.C. 4123.511(K) but simply adopted the framework of repayment contained in R.C. 4123.511(K) as part of an independent recoupment plan. We find this argument defies the face of the commission's order which plainly states any overpayment "is to be recouped pursuant to R.C. 4123.511(K)." (May 30, 2024 Order.) Thus, we reject the employer's argument.

commission when the commission fails to follow the law or incorrectly interprets the law). Though respondents argue there may exist separate authority conferring the commission with the ability to order recoupment, that question is not properly before us at this juncture. Our role is to review what the commission did, not to hypothesize what the commission could have done.[3] The commission's order ordered recoupment pursuant to R.C. 4123.511(K) and, as such, contained an error of law. Accordingly, we sustain Ms. Kurtz's second objection to the magistrate's decision.

## III. Disposition

{¶ 32} Following our independent review of the record under Civ.R. 53, we find the magistrate did not err in concluding the commission did not abuse its discretion in determining Ms. Kurtz's TTD compensation terminated as of March 18, 2024. However, we find the magistrate erred in concluding the commission did not abuse its discretion in ordering recoupment of any overpayment of TTD compensation pursuant to R.C. 4123.511(K). Accordingly, we adopt the magistrate's findings of fact and conclusions of law related to the date of termination of TTD compensation but not the conclusions of law related to recoupment pursuant to R.C. 4123.511(K). We therefore overrule Ms. Kurtz's first objection but sustain her second objection to the magistrate's decision. For the reasons set forth herein, we grant Ms. Kurtz a limited writ of mandamus vacating the portion of the

---

[3] The employer argues the commission has the "inherent ability" to determine overpayments in different scenarios. (Employer's Memo Contra at 24.) *See State ex rel. Weimer v. Indus. Comm.*, 62 Ohio St.2d 159, 161 (1980) (where injured worker was overpaid due to a clerical error and the commission ordered recoupment by deducting amounts from future compensation, the Supreme Court held "[i]n view of the fiduciary responsibility of the commission for the state insurance fund and the grant of power to it under R.C. 4123.52, the acts of the commission and its agents were lawful"). Additionally, the employer asserts the commission derives authority to recover overpayments from Adm.Code 4121-3-32(B) and this authority affords the commission the discretion to identify a reasonable method of repayment, including adopting the recoupment structure contained in R.C. 4123.511(K). Consideration of this argument would require a determination of whether the repayment provisions in Adm.Code 4121-3-32(B) are a proper exercise of the commission's statutory authority under R.C. 4123.56(A). *See State ex rel. Ashcraft v. Indus. Comm.*, 15 Ohio St.3d 126, 128 (1984) (the commission is a statutory entity limited to the powers explicitly granted to it by the legislature, and the commission cannot, through administrative rulemaking, exceed the powers granted to it by statute). Again, however, because the commission's order here is clear that it ordered recoupment "pursuant to R.C. 4123.511(K)," we will not, at this juncture, engage in the purely academic exercise of determining what the commission could have done instead. If and when the commission takes further action to order recoupment, whether on remand in the instant case or through some other proceeding, the propriety of that action may come before this court at that time. We also reject the magistrate's characterization of any overpayment here as a "windfall." (Appended Mag.'s Decision at ¶ 58.) Any overpayment to Ms. Kurtz was a result of BWC's use of the statutory mechanism of R.C. 4123.56(A) to terminate TTD, not from any action or inaction on the part of Ms. Kurtz.

May 30, 2024 order related to recoupment pursuant to R.C. 4123.511(K), and we remand this matter to the commission for further proceedings in accordance with this decision.

*Objections overruled in part and sustained in part;*
*limited writ of mandamus granted; cause remanded.*

DORRIAN J, concurs.
LELAND, J., concurs in part and dissents in part.

LELAND, J., concurring in part and dissenting in part.

{¶ 33} While I concur with the judgment of the majority in overruling the first objection to the magistrate's decision, I dissent from the decision to sustain the second objection. I would overrule both objections, adopt the magistrate's decision, and deny Ms. Kurtz's request for a writ of mandamus.

{¶ 34} The majority finds R.C. 4123.511(K) inapplicable to the procedural posture of this case and sustains an objection to the magistrate's decision on the recoupment question. It concludes "R.C. 4123.511(K) does not apply to an overpayment resulting from a motion to terminate TTD filed pursuant to R.C. 4123.56(A)." (Majority Decision at ¶ 31.) The majority instead believes recoupment under R.C. 4123.511(K) is limited to the "very specific situation" in which an overpayment is " 'reversed upon subsequent appeal.' " (Majority Decision at ¶ 23, quoting R.C. 4123.511(K).) Put another way, the majority argues the statute applies only in the context of a straight-line appeal, described as "a situation where a commission DHO grants an initial request for TTD compensation, the employer administratively appeals the award to a commission SHO, and the SHO reverses the award on appeal and declares an overpayment." (Majority Decision at ¶ 20.)

{¶ 35} Such a conclusion eschews the legal holdings of two Supreme Court of Ohio decisions and one decision of our court on the basis that their facts differ from the present case. Although the procedural posture of our case is not a straight-line appeal, case law tells us R.C. 4123.511(K) does not so stridently limit recoupment to only one form of procedure. In *State ex rel. Wooton v. Indus. Comm.*, 2004-Ohio-6505, for example, the commission reversed a PTD order following reconsideration imposed by a writ of mandamus. The commission determined the claimant was overpaid and subject to recoupment under R.C. 4123.511(J), the predecessor statute to the current R.C. 4123.511(K). The Supreme Court affirmed the recoupment order, yet the procedural posture of the case was assuredly

not a straight-line appeal. *Wooton.* In *State ex rel. Knedler v. Indus. Comm.*, 2013-Ohio-5537 (10th Dist.), the court held the BWC could recoup funds pursuant to R.C. 4123.511(K) after the commission exercised continuing jurisdiction to vacate an order of PTD compensation. *Knedler* at ¶ 28-29. *Knedler*'s use of continuing jurisdiction to vacate PTD compensation distinguishes it from a typical straight-line appeal, yet this court allowed recoupment under R.C. 4123.511(K). And while *State ex rel. Dillon v. Indus. Comm.*, 2024-Ohio-744, followed a more typical procedure, its interpretation of the law is instructive. In *Dillon*, the Supreme Court held R.C. 4123.56(A) prohibits a claimant from "receiving payments after attaining" MMI, and, as a result, R.C. 4123.511(K) requires the BWC to recoup any TTD payments made after the claimant attained MMI. *Dillon* at ¶ 15. Common among these cases is a straightforward statutory policy: "claimants are not entitled to windfalls of compensation where they have been wrongfully paid." *State ex rel. Murphy v. Indus. Comm.*, 2006-Ohio-1480, ¶ 25 (10th Dist.).

{¶ 36} The majority claims it is merely applying the unambiguous language of R.C. 4123.511(K), but, in reality, its interpretation is at odds with the case law of this court and the Supreme Court. It attempts to draw a line between the procedural postures of *Wooton*, *Knedler*, and *Dillon* on the one hand, and the posture of the present case on the other hand. This attempt to partition the statute's applicability serves only to confuse. Why would R.C. 4123.511(K) allow for recoupment in the case of reversals after writs of mandamus, continuing jurisdiction, and straight-line appeals, but not in the case of reversal due to a request to terminate TTD compensation? The "reversed upon subsequent appeal" language of R.C. 4123.511(K) is ambiguous, thereby undermining the majority's effort to delineate which administrative procedures should and should not allow for recoupment under this statute.

{¶ 37} The BWC "shall" recoup funds "a claimant is found to have received . . . pursuant to a prior order which is reversed upon subsequent appeal." R.C. 4123.511(K). Because this language could conceivably include or exclude the procedural posture of *Wooton*, *Knedler*, and the present case, I agree with the direction of recent case law that "subsequent appeal" is not so restrictive a term. Administrative procedures that are appeals in effect, if not in name, can nevertheless be subject to R.C. 4123.511(K), as was the case in *Wooton* and *Knedler*. And here, while the reversal of an order granting TTD compensation

at the request of the BWC was not, strictly speaking, an appeal, its effect was indistinguishable from an administrative appeal. Under these circumstances, the policy of our statutory scheme and recent case law convinces me the BWC may recoup funds from Ms. Kurtz under R.C. 4123.511(K). TTD payments "shall not be made for the period . . . when the employee has reached the maximum medical improvement." R.C. 4123.56(A). As the Supreme Court reasoned in *Dillon*, R.C. 4123.511(K) requires the BWC to recoup funds paid to claimants who were not entitled to receive them. *See Dillon* at ¶ 15.

{¶ 38} Because I would overrule both objections, adopt the magistrate's decision, and deny Ms. Kurtz's request for a writ of mandamus, I respectfully concur in part and dissent in part.

_____

[Cite as *State ex rel. Kurtz v. Indus. Comm.*, 2026-Ohio-824.]

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel.  Elizabeth Kurtz, | : | |
| Relator, | : | |
| v. | : | No.  24AP-395 |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |
| | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 18, 2025

---

*Philip J. Fulton Law Office,* and *Philip J. Fulton*, for relator.

*Dave Yost*, Attorney General, and *Anna Isupova,* for respondent Industrial Commission of Ohio.

*Dave Yost*, Attorney General, and *John Smart,* for respondent Administrator, Ohio Bureau of Workers' Compensation.

*Reminger Co.,  L.P.A.,* and *Troy A. Duffy*, for respondent CG-HHC, LLC.

---

### IN MANDAMUS

{¶ 39} Relator, Elizabeth Kurtz ("claimant"), has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order that terminated claimant's temporary total disability ("TTD") compensation and ordered any TTD compensation paid beyond March 18, 2024, was an overpayment subject to recoupment by respondent John Logue, Administrator, Ohio Bureau of Workers' Compensation ("BWC").

Findings of Fact:

{¶ 40} 1. Claimant was injured on April 22, 2023, during the course of her employment with respondent CG-HHC, LLC ("employer") when she was lifting a patient.

{¶ 41} 2. On September 20, 2023, a district hearing officer ("DHO") for the commission allowed the workers' compensation claim for the conditions of cervical sprain, thoracic sprain, and lumbar sprain and granted claimant TTD compensation from May 2 to July 15, 2023, to continue upon submission of supporting medical proof.

{¶ 42} 3. On January 30, 2024, the BWC requested that TTD compensation be terminated due to claimant's reaching maximum medical improvement ("MMI") and referred the claim to the commission for a hearing.

{¶ 43} 4. Christopher Holzaepfel, M.D., performed an independent medical examination ("IME") on claimant. In a March 18, 2024, report, Dr. Holzaepfel found the following: (1) claimant has reached MMI; (2) claimant has undergone appropriate treatment for the conditions, including an initial period of rest and anti-inflammatory medication; (3) claimant underwent one session of massage therapy but has not sought any further treatment; (4) claimant indicates that her symptoms have overall improved; (5) claimant's symptoms have been statis and well-stabilized over the last three months and, as such, have reached MMI; and (6) claimant's request for massage therapy is not reasonable, necessary, or appropriate, as the treatment will provide no functional improvement.

{¶ 44} 5. On April 9, 2024, the DHO found claimant had reached MMI based upon Dr. Holzaepfel's report; terminated TTD compensation as of March 18, 2024, which was the date of Dr. Holzaepfel's report; and found an overpayment subject to recoupment by the BWC pursuant to R.C. 4123.511(K).

{¶ 45} 6. Claimant appealed the DHO's order, and on May 24, 2024, a staff hearing officer ("SHO") affirmed the DHO's order, finding the following: (1) TTD compensation is terminated, effective March 18, 2024, the date of Dr. Holzaepfel's report; (2) Dr. Holzaepfel determined that claimant's symptoms are static and well-stabilized, and claimant has had appropriate treatment for the allowed conditions; (3) claimant has reached MMI; and (4) any overpayment that may occur as a result of the order is "to be recouped pursuant to R.C. 4123.511(K)."

{¶ 46} 7. Claimant appealed the SHO's order, but the commission refused claimant's appeal.

{¶ 47} 8. On June 26, 2024, claimant filed a petition for writ of mandamus, naming the BWC, the commission, and the employer as respondents.

{¶ 48} 9. On July 23, 2024, claimant filed an amended complaint, adding language that the BWC issued her a letter on June 24, 2024, advising her that it would recoup her overpayment per Ohio statutory law, but the BWC lacks legal authority under R.C. 4123.511(K) to recoup an overpayment and such is an abuse of discretion.

Conclusions of Law and Discussion:

{¶ 49} The magistrate recommends this court deny claimant's petition for writ of mandamus.

{¶ 50} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 51} A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order that is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 52} TTD compensation awarded pursuant to R.C. 4123.56 is compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) the claimant has returned to work; (2) the claimant's treating physician provides a written statement that the claimant is able to return to the former position of employment; (3) work within the physical capabilities of the claimant is made available by the employer or another employer; or (4) the claimant has reached MMI. R.C. 4123.56(A); *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630 (1982).

{¶ 53} Adm.Code 4121-3-32(A)(1) provides the definition of MMI for workers' compensation purposes:

> "Maximum medical improvement" is a treatment plateau (static or well-stabilized) at which no fundamental functional or physiological change can be expected within reasonable medical probability in spite of continuing medical or rehabilitative procedures. An injured worker may need supportive treatment to maintain this level of function.

> R.C. 4123.56(A) provides, in pertinent part, the following:

> In the case of a self-insuring employer, payments shall be for a duration based upon the medical reports of the attending physician, certified nurse-midwife, clinical nurse specialist, or certified nurse practitioner. If the employer disputes the attending physician's or attending nurse's report, payments may be terminated only upon application and hearing by a district hearing officer pursuant to division (C) of section 4123.511 of the Revised Code. Payments shall continue pending the determination of the matter, however payment shall not be made for the period when any employee has returned to work, when an employee's treating physician, certified nurse-midwife, clinical nurse specialist, or certified nurse practitioner has made a written statement that the employee is capable of returning to the employee's former position of employment, when work within the physical capabilities of the employee is made available by the employer or another employer, or when the employee has reached the maximum medical improvement.

> R.C. 4123.511(K) provides, in pertinent part, the following:

> Upon the final administrative or judicial determination under this section or section 4123.512 of the Revised Code of an appeal of an order to pay compensation, if a claimant is found to have received compensation pursuant to a prior order which is reversed upon subsequent appeal, the claimant's employer, if a self-insuring employer, or the bureau, shall withhold from any amount to which the claimant becomes entitled pursuant to any claim, past, present, or future, under Chapter 4121., 4123., 4127., or 4131. of the Revised Code, the amount of previously paid compensation to the claimant which, due to reversal upon appeal, the claimant is not entitled, pursuant to the following criteria:

> (1) No withholding for the first twelve weeks of temporary total disability compensation pursuant to section 4123.56 of the Revised Code shall be made;

(2) Forty per cent of all awards of compensation paid pursuant to sections 4123.56 and 4123.57 of the Revised Code, until the amount overpaid is refunded;

(3) Twenty-five per cent of any compensation paid pursuant to section 4123.58 of the Revised Code until the amount overpaid is refunded;

(4) If, pursuant to an appeal under section 4123.512 of the Revised Code, the court of appeals or the supreme court reverses the allowance of the claim, then no amount of any compensation will be withheld.

The administrator and self-insuring employers, as appropriate, are subject to the repayment schedule of this division only with respect to an order to pay compensation that was properly paid under a previous order, but which is subsequently reversed upon an administrative or judicial appeal.

The administrator and self-insuring employers are not subject to, but may utilize, the repayment schedule of this division, or any other lawful means, to collect payment of compensation made to a person who was not entitled to the compensation due to fraud as determined by the administrator or the industrial commission.

{¶ 54} In the present case, claimant presents two arguments: the first pertains to the proper termination date for her TTD benefits; and the second pertains to recoupment of overpayments. With regard to the first argument, claimant asserts that the commission abused its discretion when it terminated her TTD benefits as of March 18, 2024, the date of Dr. Holzaepfel's IME report. Claimant contends that, despite the clear language in R.C. 4123.56(A) that payment must continue pending the determination of the matter, and the consistent statements from her treating physician that she remained temporarily and totally disabled, the commission terminated her TTD benefits as of the date of Dr. Holzaepfel's IME report and not the date of the DHO hearing. Claimant argues that the Supreme Court of Ohio has consistently held that the language of R.C. 4123.56(A)(1) prohibits the termination of continuing TTD compensation prior to a hearing before a commission hearing officer as long as the claimant's physician continues to certify TTD.

{¶ 55} However, in *State ex rel. Dillon v. Indus. Comm.*, 2024-Ohio-744, the Supreme Court of Ohio analyzed R.C. 4123.56(A) and found contrary to relator's argument.

In *Dillon*, the worker suffered a work-related back injury, the bureau allowed her claim for several conditions, and she was awarded TTD compensation. The worker appealed the disallowance of other conditions, and her employer obtained an IME. The reviewing physician opined that she had reached MMI on August 8, 2019. An SHO affirmed the disallowance of the additional conditions, agreed that she had attained MMI, and terminated her TTD compensation as of August 8, 2019. However, because the worker had continued to receive TTD compensation after August 8, 2019, the BWC issued an order seeking to recoup the overpayment. Upon the worker's writ of mandamus in this court to vacate the order declaring an overpayment, this court denied the writ and found any payments after August 8, 2019, were overpayments subject to recoupment pursuant to R.C. 4123.51(K).

{¶ 56} Upon appeal, the Supreme Court in *Dillon* first addressed R.C. 4123.511(K). The court found that because the worker had previously received compensation pursuant to a prior order that was reversed upon subsequent appeal, she was not entitled to TTD compensation after August 8, 2019, and was not allowed to retain what she had been previously paid under the reversed order. Thus, under the plain language of R.C. 4123.511(K), the BWC correctly recouped the "previously paid" TTD compensation that the worker received after she reached MMI.

{¶ 57} The court then addressed R.C. 4123.56(A) and *State ex rel. Russell v. Indus. Comm.*, 82 Ohio St.3d 516 (1998), which construed a prior version of R.C. 4123.56(A) and the predecessor to R.C. 4123.511(K), former R.C. 4123.511(J). The court in *Russell* found that the question of a claimant's entitlement to receive ongoing TTD compensation until a hearing officer rules otherwise is governed by R.C. 4123.56, not R.C. 4123.511(J). Relying on R.C. 4123.56(A), the court in *Russell* had concluded that the appropriate date on which to terminate disputed TTD compensation on the basis of MMI is the date of the termination hearing, and the commission may not declare an overpayment for payments received by the claimant before that date.

{¶ 58} However, the court in *Dillon* disagreed with its prior analysis in *Russell*. The court found that R.C. 4123.56(A) does not permit a claimant to receive TTD compensation after reaching MMI. The court reasoned that, although R.C. 4123.56(A) requires payments to continue "during the determination of the matter," the provision contains an exception: TTD compensation may not be paid for the period after the employee has reached MMI.

Thus, the court concluded, the worker was not entitled to receive TTD compensation once she reached MMI and her condition became permanent. In overruling *Russell*, the court explained that the conclusion in *Russell* cannot be squared with R.C. 4123.56(A)'s prohibition on a claimant's receiving payments after attaining MMI. If TTD payments may not be made after the claimant reaches MMI, then the claimant is not entitled to them, and if the claimant is not entitled to those payments, then R.C. 4123.511(K) requires the BWC to withhold the amount previously paid from compensation that the claimant may receive in the future.

{¶ 59} The magistrate finds *Dillon* is dispositive of claimant's first argument in the present case. Here, claimant was receiving TTD payments pending determination of the BWC's request to terminate TTD compensation due to MMI. Dr. Holzaepfel's March 18, 2024, report found claimant to have reached MMI. Thus, consistent with the language in R.C. 4123.56(A) and *Dillon*, claimant's TTD compensation terminated as of March 18, 2024, the date she reached MMI. The commission did not abuse its discretion when it found the same.

{¶ 60} Claimant contends in her second argument that the commission and BWC abused their discretion when they declared that any payments made beyond March 18, 2024, were overpayments subject to recoupment by the BWC pursuant to R.C. 4123.511(K). Claimant asserts that R.C. 4123.511(K) explicitly provides that recoupment for overpayments is available only with respect to an order to pay compensation that was properly paid under a previous order but that was subsequently reversed upon an administrative or judicial appeal. Claimant contends that her TTD compensation was not terminated by an appeal of a previous order to pay compensation but, rather, pursuant to the BWC's motion to terminate relator's ongoing receipt of TTD, which is not the "straight-line" appeal procedure necessary for the recoupment of an overpayment as set forth in R.C. 4123.511(K).

{¶ 61} The magistrate finds claimant's argument unpersuasive. Adm.Code 4121-3-32(B) provides, in pertinent part, the following:

> If the district hearing officer, staff hearing officer, deputy or the industrial commission determines that the injured worker was not justified in receiving temporary total disability compensation prior to the date of the hearing, he shall declare an overpayment from the date the injured worker was no longer justified in remaining on temporary total disability

> compensation. Such payment shall be recovered from future awards related to the claim or any other claim. The recovery order shall provide a method for the repayment of any such overpayment as is reasonable, taking into account such factors as the amount of money to be recouped, the length of the periodic payments to be made under any future award, and the financial hardship that would be imposed upon the employee by any specific schedule of repayment.

Thus, a DHO, an SHO, a deputy, or the commission is required to declare an overpayment and recover the payments from future awards when it is determined that an injured worker was not entitled to receive TTD,

{¶ 62} To comply with Adm.Code 4121-3-32(B), DHOs, SHOs, deputies, and the commission must fashion a method for recovery of overpaid funds that is "reasonable." Although Adm.Code 4121-3-32(B) sets forth several factors to consider when fashioning a method of recoupment, R.C. 4123.511(K) also provides a method for ordering recoupment that includes several criteria. Claimant here contends that R.C. 4123.511(K) only applies to "straight-line" appeals based upon the use of the word "appeal" several times in the provision. However, R.C. 4123.511(K) does not say that. Even if claimant were correct that the enunciated criteria must be followed when ordering recoupment of overpayments when an underlying order is vacated on appeal, there is nothing in R.C. 4123.511(K) that prohibits DHOs, SHOs, deputies, or the commission from ordering recoupment using the criteria in R.C. 4123.511(K) in situations other than "straight-line" appeals, i.e., motions to terminate TTD, like here. In this case, the commission ordered that the overpayments must "be recouped pursuant to R.C. 4123.511(K)," and there is nothing in that provision that prevents such discretionary use of the criteria in that section in this situation. Indeed, other cases have addressed recoupment orders that applied R.C. 4123.511(K) in situations other than those involving "straight-line" appeals. *See e.g. State ex rel. Witt v. Indus. Comm. of Ohio*, 2018-Ohio-1693 (involving continuing jurisdiction based upon BWC's notification that it was recalculating full weekly wage and average weekly wage); *State ex rel. Knedler v. Indus. Comm. of Ohio*, 2013-Ohio-5537, ¶ 28 (10th Dist.) (involving reconsideration), citing *State ex rel. Wooton v. Indus. Comm.*, 2004-Ohio-6505; *State ex rel. McCormick v. McDonald's*, 2013-Ohio-766 (10th Dist.) (involving a motion to terminate based upon MMI); *State ex rel. Huffman v. Indus. Comm.*, 2012-Ohio-1609 (10th Dist.) (involving a motion to terminate based upon MMI). Thus, claimant here cannot demonstrate that the commission

was prohibited from ordering recoupment in this case and, in doing so, ordering that the recoupment follow the criteria in R.C. 4123.511(K).

{¶ 63} The decision in *Dillon* is also instructive. Applying R.C. 4123.511(K), the court in *Dillon* found that because the worker had previously received compensation pursuant to a prior order that was reversed upon subsequent appeal, she was not entitled to TTD compensation after the doctor's finding of MMI, and she was not allowed to retain what she had been previously paid under the reversed order. In the present case, the commission granted TTD compensation, the BWC requested that it be terminated due to claimant's reaching MMI, and the commission subsequently terminated TTD compensation as of March 18, 2024, the date of the doctor's MMI report. Although claimant here seeks to distinguish the present circumstances from *Dillon* and R.C. 4123.511(K) because TTD compensation was terminated here pursuant to a motion to terminate due rather than by appeal of a previous order to pay TTD compensation, *Dillon* explicitly found that if a claimant is not entitled to TTD payments made after the claimant reaches MMI, then R.C. 4123.511(K) requires the BWC to withhold the amount previously paid from compensation that the claimant may receive in the future. To find recoupment is not permitted in a case involving a motion to terminate TTD, as opposed to a "straight-line" appeal, would conflict with R.C. 4123.56(A)'s explicit prohibition that "payment shall not be made for the period. . . when the employee has reached the maximum medical improvement." Thus, allowing claimant in this case to retain the overpayments after the granting of BWC's motion to terminate would permit claimant to retain payments after having reached MMI, which would be in direct contravention of R.C. 4123.56(A) and the Supreme Court's decision in *Dillon*. For these reasons, the SHO did not abuse his discretion in finding an overpayment and ordering recoupment pursuant to the method set forth in R.C. 4123.511(K).

{¶ 64} Finally, this court has been mindful that "[c]laimants are entitled to receive the compensation due them but are not entitled to receive a windfall when they are paid money to which they are not entitled." *State ex rel. Murphy v. Indus. Comm.*, 2006-Ohio-1480, ¶ 26 (10th Dist.). Although the recoupment amount here was a relatively small sum, in some cases the overpayments could be, and are, substantial. Finding that a worker is not subject to recoupment for overpayments after achieving MMI would result in a windfall to that worker.

{¶ 65} Accordingly, it is the magistrate's decision that this court should deny claimant's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.